ALZIRE A. FLICK, as Administratrix, etc., of JOHN H. STAHL, Deceased, Respondent, v. WILLIAM W. PENFIELD, Appellant. (Nos. 1 and 2.)

*Evidence — personal transactions with a decedent — what testimony of an adminis-tratrix is a waiver of objection to the adverse party's testifying in respect thereto.*

In an action brought by an administratrix to recover upon several promissory notes made by the defendant to the order of her intestate, the defendant, in support of his defense of payment, put in evidence a number of checks drawn by him to the order of the intestate and which had apparently been collected by the intestate. The administratrix, for the purpose of showing that these checks related to other transactions, testified that the intestate had, for a number of years, been in the habit of cashing checks for the defendant, but stated that she did not know of any particular check which had been so cashed.

*Held,* that the effect of the testimony of the administratrix was the same as though she had specifically testified that the checks in controversy had been

cashed by her husband, and that, by giving such testimony, she waived her right under section 829 of the Code of Civil Procedure to object to the competency of the defendant to testify to the conversation which the latter had with the intestate at the time he delivered to the intestate the checks in controversy.

APPEAL by the defendant, William W. Penfield, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 8th day of October, 1901, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of October, 1901, denying the defendant's motion for a new trial made upon the minutes.

*Isaac N. Mills* [ *William A. Ferguson* and *Charles W. Sinnott* with him on the brief], for the appellant.

*George C. Appell,* for the respondent.

WILLARD BARTLETT, J.:

This action is brought by an administratrix to recover a sum alleged to be due upon several promissory notes made by the defendant to the order of her intestate. The defense was payment, and in support thereof the defendant put in evidence a number of checks drawn by him to the order of the intestate and which the intestate appeared to have collected.

The amount of these checks taken together would have sufficed to pay the defendant's indebtedness upon the notes in suit. To show that they were not really given in payment and related to transactions having nothing to do with the notes, the administratrix gave testimony to the effect that her husband, the intestate, had frequently cashed checks for the defendant at his request. Thus she testified : "I know about his cashing checks for Mr. Penfield at different times. I saw it done about once a month or once a week, how often just I could not say. I guess this was going on about six or seven years. * * * I see him cash checks. I see Mr. Penfield write out the check and my husband would give him the money. * * * I cannot tell you how many checks Mr. Penfield had cashed there. I simply know in a general way for 8 or 10 years he had had checks cashed, sometimes once a week and sometimes once a month. * * * I do not know of any particular check that my

husband ever cashed for him ; I could not tell you of any particular check, I could tell you about the amount."

When the defendant was called to contradict this testimony he was shown three checks which he claims to have given in payment of some of the notes in suit and asked what conversation took place between him and the intestate at the time he delivered the checks. This question was objected to as incompetent under section 829 of the Code of Civil Procedure ; the objection was sustained and the plaintiff excepted to the ruling. The defendant was further asked : " What conversation did you have with Stahl at the time you delivered the checks to him ?" An objection to this question was also sustained under exception by the defendant.

There was no doubt as to the competency of the administratrix to testify as to the transactions between her intestate and the defendant at the time the checks were given, thus showing if she could that they really were given for cash and not in payment of the defendant's notes. It must also be conceded that the giving of this testimony opened the door for the defendant to testify in regard to those transactions. The rulings to which I have referred, however, are sought to be justified on the ground that they did not exclude the defendant's evidence as to any particular transaction to which the administratrix had testified, but merely prevented him from contradicting the plaintiff's version by means of other independent personal transactions between the defendant and the decedent. But it will be observed that the testimony of the administratrix was general in its terms. She did not testify that the particular checks or any one of the particular checks, which the defendant produced as evidence that he had paid the notes, had actually been cashed by the decedent. Her testimony was merely to the effect that the decedent had been in the habit for many years of cashing checks for the defendant, and from that fact she sought to have the jury infer — and we cannot say that the jury did not infer — that these particular checks produced by the defendant had really been cashed by her husband and not received by him in payment of the notes. In other words, the effect of her testimony, though general in its terms, was just the same as though she had specifically testified that these particular checks were cashed by her husband. Under these circumstances it seems to me that the defendant was entitled to show,

under section 829 of the Code of Civil Procedure, that the very checks which he produced as evidence of payment were received by the decedent as such, and not cashed by him. In no other way could he meet and overcome the effect of her general testimony on the subject. The testimony of the administratrix was irrelevant and had no possible bearing upon the issue of payment, unless it was designed to prove and tended to prove that the checks produced upon the trial by the defendant were given for cash, and not in payment of the notes. In force and effect, her evidence on this subject was just the same as if she had sworn that these checks were cashed by her husband; and there cannot be any doubt that if she had testified thus specifically the defendant would have been at liberty to testify fully in respect to what happened between him and the decedent at the time these very checks were given. In this view there is nothing in conflict with the rule that where an executor or administrator testifies in his own behalf to a personal transaction between the witness and a deceased person, the adverse party, in testifying against the executor or administrator, must be confined strictly to the same transaction to which the executor or administrator has already testified in his own behalf. (*Martin* v. *Hillen*, 142 N. Y. 144.) In the case cited it was declared to be competent for the defendant, if he could, to testify in regard to the same transaction referred to by the plaintiff in her testimony. In the case at bar the administratrix, if the proof was applicable to the issue at all, did testify in regard to the transactions between her husband and the defendant when the checks were given; and this circumstance required the admission of such testimony as he could give relative to the same transactions. I think that the rulings which prevented him from doing this were erroneous, and that for this reason he is entitled to a new trial.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.